1839.<br>BRODIE<br>v.<br>CRONLY.

## BRODIE v. CRONLY.

An injunction ante-dated set aside, with costs; but, under the circumstances, a new writ allowed.

JUDGMENT creditor's bill. It was filed on the fourteenth day of June, one thousand eight hundred and thirty-nine; but the subpœna and injunction were ante-dated, being made out as of the first of June. The defendant had appeared by a solicitor; and, on being summoned before a master, executed an assignment to a receiver. Motion now made to set aside the process.

Nov. 11.<br>1839.<br><br>*Practice.*<br>*Injunction.*

Mr. *Charles Judson*, for the motion.

Mr. *John W. Merritt*, for the complainant.

THE VICE-CHANCELLOR :—It was irregular to ante-date the subpœna and injunction. Process must be tested on the day it is issued : Rule 119. Any other practice in this respect] is calculated to mislead ; and would be productive of confusion and disorder in ascertaining the time of filing creditors' bills, as the date of the injunction may be looked to as evidence of the time when the bill was filed. This irregularity, however, has been waived as respects the subpœna, by the defendant's voluntary appearance upon it ; but, in regard to the injunction, I think there has been no waiver ; and it must be set aside for the irregularity, with costs of this motion to be taxed.

The complainant having procured an assignment from the defendant to the receiver in the cause, it may be a matter of no importance to have an injunction in existence ; but, upon payment of the costs of the motion, he may have leave to take out and serve an injunction *de novo* under the order allowing an injunction in the first instance.